S04A1094. JWIC, INC. v. CITY OF SYLVESTER et al.

(603 SE2d 247)

SEARS, Presiding Justice.

This appeal stems from our grant of an application for interlocutory appeal filed by the appellant, JWIC, Inc. ("JWIC"). We granted the application to consider whether the trial court erred by ruling that apartments are not a permitted use in the R-OI (Restricted-Office Institutional) zoning district of the appellee, City of Sylvester. For the following reasons, we conclude that the trial court erred in its ruling.

1. JWIC applied for a land disturbance permit with the City for the building of a 49-unit apartment complex on property located in the City's R-OI zoning district. JWIC contended that apartments constituted multi-family dwellings under the ordinance's definition of that term, and that, as multi-family dwellings were a permitted use as a matter of right in the R-OI district, apartments were permitted there. The City, on the other hand, contended that apartments were not permitted in the R-OI district, but instead were only permitted in the R-M Group Development zoning district. That district is a "floating" district that does not appear on the City's zoning map, as do its eight other zoning districts, but it permits group development in each of the ordinance's eight actual districts by a special exception permit approved by the planning commission and the city council. The City contended that, as apartments were only mentioned in the ordinance as being permitted as part of a group development, apartments could only appear in such a district by grant of a special exception permit.

The City never issued a land disturbance permit to JWIC, prompting JWIC to bring this action for injunctive, declaratory, and mandamus relief. JWIC subsequently moved for partial summary judgment, contending that the zoning ordinance permitted apartments in the R-OI zoning district as a matter of right. The trial court denied JWIC's motion, ruling that multi-family dwellings and apartments are not synonymous, that apartments are not a permitted use in the R-OI district as a matter of right, and that apartments are only

permitted in the R-M Group Development district. The trial court certified its order for immediate review, and this Court granted an interlocutory appeal.

2. Contrary to the trial court's ruling, we conclude that apartments are a permitted use in the R-OI district as a matter of right. In this regard, the decisive rule of construction in this case is that ambiguities in a zoning ordinance must be resolved in favor of the property owner.[1]

As noted by the City, the only time apartments are mentioned in the ordinance is in Section 4-1 (.5). That section provides that a person seeking a group development must seek to have the property on which the group development is to be located rezoned to R-M Group Development. It further provides that if rezoning is granted, certain uses — apartments, mobile home parks, and other uses — will only be permitted by special exception permit granted by the planning commission and the city council. This provision therefore supports the City's contention and the trial court's ruling that apartments are not permitted as a matter of right in an R-OI district.

On the other hand, the ordinance defines a multi-family dwelling as "a building either designed, constructed, altered, or used for more than two adjoining dwelling units, with each dwelling unit having a common wall or common floor connecting it to at least one other dwelling unit in the building." An apartment clearly falls within this definition,[2] and multi-family dwellings are a permitted use as a matter of right in the R-OI district under the ordinance's table of permitted uses.[3]

In resolving these competing interpretations, we cannot conclude that Section 4-1 (.5) is controlling. First, Section 3-27 of the ordinance provides that if a use is not specifically permitted in a zoning district as a matter of right or as a special exception, it is prohibited in the district. Further, Section 5-7 (4) of the ordinance provides that if a use is prohibited in a district, it shall not be permitted as part of a group development in that district. Because the ordinance's table of permitted uses does not list apartments as a permitted use as a matter of right or as a special exception in any of the ordinance's eight districts, it is a prohibited use in each of those eight districts under Section 3-27 of the ordinance. Thus, under Section 5-7 (4), because apartments are a prohibited use in each of the eight districts, they are not a permitted use as part of a group

---

[1] *Bo Fancy Productions v. Rabun County Bd. of Commrs.*, 267 Ga. 341, 342-343 (478 SE2d 373) (1996); *Cherokee County v. Martin*, 253 Ga. App. 395, 396 (559 SE2d 138) (2002).

[2] See generally *Cherokee County*, 253 Ga. App. at 398-399.

[3] The table of permitted uses specifies whether a use is permitted as a matter of right or as a matter of special exception in each of the City's eight zoning districts.

development. Accordingly, the City's interpretation that apartments are only permitted by special exception as part of a group development would prohibit completely the building of apartments in the City of Sylvester. We conclude that it would be unreasonable to infer that intent from the ordinance.[4] Resolving the difficulties with the ordinance in favor of the property owner, we thus conclude that apartments, as multi-family dwellings, are a permitted use as a matter of right in the R-OI district.

For the foregoing reasons, we reverse the judgment of the trial court.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004.

*Archer & Lovell, David G. Archer*, for appellant.
*Clarence A. Miller*, for appellees.

---

[4] See generally *Cherokee County*, 253 Ga. App. at 399 (It would be unreasonable to infer that the county intended to exclude assisted living facilities as a use anywhere in the county.).